**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MARTIN DWAYNE ISAIA MITCHELL,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Movant,　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　　　No. 4:24-cv-00100 SEP
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion.　On November 7, 2023, Movant mailed a pro se motion to the Court requesting permission to file a notice of appeal out of time in his closed criminal case, *United States v. Mitchell*, Case No. 4:21-cr-00252-SEP.　In the motion, Movant indicated that he wanted to appeal his conviction, but his attorney did not timely file a notice of appeal.　*See* Doc. [1].　The Court construed the filing as a motion for relief from judgment, administratively terminated the motion, and opened this civil action under 28 U.S.C. § 2255.　See *id.* at 5.

On February 1, 2024, the Court issued an order informing Movant that when a court *sua sponte* characterizes a filing as a § 2255 motion, the movant must be given the opportunity to either consent to the classification or withdraw the filing.　*See* Doc. [2]; *see also Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).　Movant was required to file an amended § 2255 motion on a Court-provided form to consent to the reclassification.　The Court warned movant that failure to timely comply with the Order would result in dismissal of this action, without prejudice and without further notice.

Movant's response was due on March 1, 2024.　He has not complied with the Court's Order or sought additional time to do so.　The Court gave movant meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply.　Therefore, this action is dismissed without prejudice due to movant's failure to comply with the Court's February 1, 2024, Order and his failure to prosecute his case.　*See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) ("A district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order . . . ."); *see also Dudley v. Miles*, 597 F.

App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where pro se plaintiff failed to file an amended complaint "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11ᵗʰ day of March, 2024.

SARAH E. PITLYK
UNIED STATES DISTRICT JUDGE